IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON KICZENSKI,

        Plaintiff,           No. CIV S-03-2305 MCE GGH PS

      vs.

JOHN ASHCROFT, et al.,

        Defendants.         ORDER

_____/

      Previously pending on this court's calendar was defendants' motion for summary judgment, filed June 29, 2005, and plaintiff's motion for summary judgment,[1] filed July 5, 2005.

      In addressing the government's motion, the court became aware of a case which was not previously raised by the parties, Hemp Industries v. Drug Enforcement Admin., 357 F.3d 1012 (9th Cir. 2004).  The Ninth Circuit held that because the Drug Enforcement Administration ("DEA") did not follow the correct procedures for scheduling a substance, it had no authority to regulate drugs which were not scheduled.  Id. at 1018.  Specifically, the court found that the Final Rules banning Cannabis plants which are not within the Controlled Substances Act's ("CSA") definition of marijuana or which do not contain synthetic THC, could not be enforced.  Id.  In other words, the DEA only has authority to enforce rules and regulations banning marijuana or synthetic THC.

      This case appears to undercut the government's position, and should have been

---

[1] Because plaintiff's opposition contains no substantive argument, the court will construe his motion for summary judgment as an opposition to defendants' motion.

1

1   brought to the court's attention by the government as it was published prior to the government's

2   motion for judgment on the pleadings or for summary judgment, filed August 6, 2004.  Hemp

3   Industries also appears to be on point with plaintiff's initial position.  In his complaint, plaintiff

4   alleged, "[t]he hemp plant is a different strain of cannabis with a different chemical-based

5   makeup, and contains no viable amounts of the chemical THC that exists in some of the other

6   strains of cannabis, and is of no end use value in the illegal (drug) trade."  Compl. at 16:22-24.

7   In his opposition to defendants' August, 2004 motion, plaintiff also raised the issue of the CSA's

8   authority to regulate his activities because they "do not fall within the definition of this legitimate

9   category of legislative authority."  Oppo., filed September 10, 2004, at 2:17-21.  Throughout this

10  opposition, plaintiff emphasized that growing hemp for utilitarian purposes was not intended to

11  be outlawed by the government's ban on drugs.

12         Therefore, the parties shall file briefing regarding the applicability of Hemp

13  Industries to this case, including: (1) its pertinence to this case, and (2) if it is pertinent, has not

14  plaintiff raised an issue of fact regarding the type of hemp seeds he is planning to grow and

15  whether they are exempt from the CSA.  Defendants' motion for summary judgment will be

16  decided upon submission of this briefing.

17         Accordingly, IT IS ORDERED that the parties shall file simultaneous briefing by

18  November 21, 2005.

19  DATED: 10/28/05

20

21                                        /s/ Gregory G. Hollows

22                                        _____
                                          GREGORY G. HOLLOWS
                                          U. S. MAGISTRATE JUDGE

23  GGH/076
    Kiczenski2305.frb.wpd

24

25

26

2